UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANCISCO HERNANDEZ, individually and on behalf of all
others similarly situated,

|  |  |
|---|---|
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT, HOSSAM FAHMY and ANTHONY VITUCCI, as individuals, | JURY TRIAL REQUESTED |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff **FRANCISCO HERNANDEZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT, HOSSAM FAHMY and ANTHONY VITUCCI, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 199 Post Avenue, Westbury, NY 11590.

2. Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated on the basis of his disability by Defendants.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff FRANCISCO HERNANDEZ residing at Hempstead, NY 11550 was employed by POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT, from in or around November 2020 until in or around July 20, 2022 and from in or around August 15, 2022 until in or around December 2022.

9. Upon information and belief, Defendant POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 199 Post Avenue, Westbury, NY 11590.

10. Upon information and belief, Defendants HOSSAM FAHMY and ANTHONY VITUCCI are the owners of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT.

11. Upon information and belief, Defendants HOSSAM FAHMY and ANTHONY VITUCCI are agents of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT.

12. Upon information and belief, Defendants HOSSAM FAHMY and ANTHONY VITUCCI are responsible for overseeing the daily operations of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT.

13. Upon information and belief, HOSSAM FAHMY and ANTHONY VITUCCI have power and authority over all the final personnel decisions of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT.

14. Upon information and belief, HOSSAM FAHMY and ANTHONY VITUCCI have the power and authority over all final payroll decisions of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT., including the Plaintiff.

15. Upon information and belief, HOSSAM FAHMY and ANTHONY VITUCCI have the exclusive final power to hire the employees of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT., including the Plaintiff.

16. Upon information and belief, HOSSAM FAHMY and ANTHONY VITUCCI have exclusive final power over the firing and terminating of the employees of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT., including Plaintiff.

17. Upon information and belief, HOSSAM FAHMY and ANTHONY VITUCCI are responsible for determining, establishing, and paying the wages of all employees of POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendants HOSSAM FAHMY and ANTHONY VITUCCI were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### i.   Wage and Hour Allegations

20. Plaintiff FRANCISCO HERNANDEZ was employed by POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT as a cook, food preparer, and kitchen worker while performing related miscellaneous duties for the Defendants, from in or around November 2020 until in or around July 20, 2022 and from in or around August 15, 2022 until in or around December 2022.

21. Plaintiff FRANCISCO HERNANDEZ regularly worked six (6) days per week during his employment with the Defendants.

22. During Plaintiff's employment with the Defendants, Plaintiff FRANCISCO HERNANDEZ regularly worked a schedule of shifts beginning at approximately 11:00 a.m. each workday and regularly ending at approximately 5:00 p.m., two (2) days per week, and from 11:00 a.m. each workday and regularly ending at approximately 10:00 p.m. or later, four (4) days per week.

23. However, despite the fact that Plaintiff's shifts were supposed to end at 5:00 p.m. two (2) days per week, he was frequently required to stay until approximately 10:00 p.m. during these shifts. During these weeks, all six of Plaintiff's shifts would be from in or around 11:00 a.m. until in or around 10:00 p.m.

24. Thus, Plaintiff was regularly required to work approximately fifty-six (56) to sixty-six (66) hours or more hours each week from in or around November 2020 until in or around July 20, 2022 and from in or around August 15, 2022 until in or around December 2022.

25. Plaintiff FRANCISCO HERNANDEZ was paid by Defendants a flat weekly rate of approximately $1,200.00 per week for all hours worked from in or around November 2020 until in or around July 20, 2022 and from in or around August 15, 2022 until in or around December 2022.

26. Plaintiff was compensated by Defendants in a combination of cash and check every payroll week.

27. Although Plaintiff regularly worked approximately fifty-six (56) to sixty-six (66) hours or more hours each week from in or around November 2020 until in or around July 20, 2022 and from in or around August 15, 2022 until in or around December 2022, the

Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Additionally, Plaintiff FRANCISCO HERNANDEZ worked in excess of ten (10) or more hours per day approximately four (4) days per week from in or around November 2020 until in or around July 20, 2022 and from in or around August 15, 2022 until in or around December 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

29. Further, Plaintiff was not compensated at all by the Defendants for his last week of employment.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

31. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

32. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

33. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

34. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

### ii.     <u>Disability Discrimination Allegations</u>

35. Plaintiff had been diagnosed with diabetes including a heart condition known as atherosclerosis, which is known to Defendants including Plaintiff's supervisor, Chef Milton, with whom Plaintiff worked with before at other restaurants.

5

36. Due to Plaintiff's disability, Plaintiff had to visit Jacobi Medical Center almost every month for his regular check-up.

37. Every check-up Plaintiff had to undergo, Plaintiff would provide his Doctor's Appointments to Defendants.

38. On or around July 14, 2022, while working and carrying items for delivery, Plaintiff began to experience serious heart pain.

39. Plaintiff went home to rest as advised by his supervisor Chef Milton.

40. On July 20, 2022, Plaintiff provided the Defendants a Doctor's Note indicating that Plaintiff is fit to return to work.

41. On or around the second week of August 2022, Plaintiff returned to work as this was the only time that Defendants reached out asking Plaintiff to return to work.

42. On December 21, 2022, Plaintiff was scheduled for his regular check-up which a copy of Doctor's Appointment was provided to Defendants by Plaintiff in advance of his check-up.

43. However, shortly after receiving notice of the upcoming check-up, on or around December 20, 2022, Plaintiff received a text message from Chef Milton saying that Plaintiff's service is no longer needed. Defendants had grown tired of Plaintiff requiring time off each month for his check-up due to his heart condition.

44. Defendants terminated Plaintiff because they no longer wanted to accommodate Plaintiff by allowing him time off for his monthly check-up due to his heart condition.

45. Plaintiff was fired as a result of his disability and heart condition which requires regular check-up and the rest that he required to recover from the pain he had suffered through at work.

46. Defendants chose to end this accommodation and terminate Plaintiff despite being aware of his condition and being provided documentation as to his condition on a regular basis.

47. Defendants improperly terminated Plaintiff as a result of his disabilities from injuries suffered while working.

48. Plaintiff has felt humiliated, degraded, emotionally distressed, devastated, and shocked at Defendants' blatant discrimination on the basis of his disabilities.

49. As a result of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, and non-pecuniary losses.

50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

52. Collective Class: All persons who are or have been employed by the Defendants as cooks, food preparers, kitchen workers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

53. Upon information and belief, Defendants employed approximately 10 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

54. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

55. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

56. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

57. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

58. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

59. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

60. The claims of Plaintiff are typical of the claims of the whole putative class.

61. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

62. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

<u>**FIRST CAUSE OF ACTION**</u>

**Overtime Wages Under The Fair Labor Standards Act**

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

65. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

66. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

67. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5)

times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

69. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

76. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

77. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

78. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

79. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

80. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

81. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

84. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

87. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

90. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## EIGHT CAUSE OF ACTION FOR DISCRIMINATION
### Under New York State Executive Law

91. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. New York State Executive Law § 296 provides that, "1. It shall be unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . age, sex/gender, disability . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

93. Defendants violated the above-stated law.

94. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

95. Defendants had no good faith business justification for the actions against Plaintiff as described herein.

96. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, exacerbated physical illness and injuries and other non-pecuniary losses.

97. Defendants' conduct was malicious, willful and conducted with full knowledge of the law.

98. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL, and NYLL in that Defendants discriminated against Plaintiff on the basis of his disability;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff's unpaid overtime wages;

e. Awarding Plaintiff's spread of hours compensation;

f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated    March 3, 2023
        Kew Gardens, NY


*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCISCO HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT, HOSSAM FAHMY
and ANTHONY VITUCCI, as individuals,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State:**
**POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT
(DOS ID#5644734)**
967 Old Country Road, Westbury, NY 11590

**Via Personal Service:**
**POST MAPLE RESTAURANT LLC d/b/a MONROE'S RESTAURANT**
199 Post Avenue, Westbury, NY 11590

**HOSSAM FAHMY**
199 Post Avenue, Westbury, NY 11590
**ANTHONY VITUCCI**
199 Post Avenue, Westbury, NY 11590